# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv428

| | |
|---|---|
| TIMOTHY ERVIN JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JACK HENRY & ASSOCIATES, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM OF DECISION <br> AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion for Summary Judgment [Doc. 8].

## I.    Procedural History

The Plaintiff, proceeding *pro se*, filed this action in the Superior Court of Mecklenburg County, North Carolina, on September 12, 2006, alleging that the Defendant Jack Henry & Associates, Inc. terminated him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), 42 U.S.C. § 1981, and the public

policy of North Carolina as expressed in N.C. Gen. Stat. § 143-422.2. The Defendant received a copy of the summons and complaint through its registered agent on September 14, 2006 and filed a timely Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 on October 12, 2006. The subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1331 is not in dispute.

On February 28, 2007, the Defendant filed a motion for summary judgment as a matter of law as to all of the Plaintiff's claims. [Doc. 8]. The Plaintiff, who is not represented by counsel, did not respond to the Defendant's motion. On August 30, 2007, the Honorable Robert J. Conrad, Jr., to whom this case was previously assigned, entered an Order [Doc. 10] in accordance with Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), advising the Plaintiff of his burden in responding to the pending motion and directing the Plaintiff to file a response to the Defendant's motion by September 28, 2007. The Order further warns the Plaintiff that failure to respond to the Defendant's motion may result in dismissal of this action with prejudice. To date, the Plaintiff has not filed a response to the Defendant's motion or otherwise responded to the Court's Order.

II. **Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact rests with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Plaintiff has failed to respond to the Defendant's motion, and therefore, the facts presented by the Defendant are not in dispute. "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a 'judgment as a matter of law.'" Custer v. Pan American Life Ins. Co.,

12 F.3d 410, 416 (4th Cir. 1993). "Therefore, even when the adverse party fails to respond to the motion for summary judgment, the court must review the motion and the materials before the court to determine if the moving party is entitled to summary judgment as a matter of law." Meyer v. Qualex, Inc., 388 F. Supp. 2d 630, 634 (E.D.N.C. 2005); see also Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party.") (emphasis added).

### III.    Requests for Admission

In support of its motion for summary judgment, the Defendant submits the declarations of various employees, as well as a set of unanswered requests for admission that were served on the Plaintiff on December 12, 2006.  The Defendant argues that by operation of Rule 36 of the Federal Rules of Civil Procedure, the subject matter of the Defendant's requests for admission should be deemed admitted due to the Plaintiff's failure to respond.

Rule 36 of the Federal Rules of Civil Procedure provides, in pertinent part, that a "matter is admitted unless, within 30 days after service of the

request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). The Rule further provides that a "matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

An admission obtained by a party's failure to respond to a request for admission may constitute the basis for a grant of summary judgment. Gardner v. Borden, Inc., 110 F.R.D. 696, 697 (S.D. W. Va. 1986). However, where *pro se* litigants are involved, courts have been reluctant to grant summary judgment upon a failure to respond to requests for admission without first giving the *pro se* litigant notice and an opportunity to be heard on the issue. See In re Savage, 303 B.R. 766, 773 (D. Md. 2003) ("Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of *pro se* litigants to have their cases fairly judged on the merits."); United States v. Turk, 139 F.R.D. 615, 618 (D. Md. 1991) ("to conclusively find the facts central to this litigation against the defendant without giving him an opportunity to be heard would not further the interests of justice"); Fireman's Ins. Co. v. Herbert, No.

4:04cv139, 2005 WL 3536091, at *1 (E.D. Va. Dec. 20, 2005) (granting *pro se* defendants an additional fifteen days to respond to requests for admission before ruling on motion for summary judgment).

The Court is reluctant to deem these unanswered requests admitted under the present circumstances. Prior to this point, the Plaintiff has never been advised that a failure to respond would result in material matters pertaining to this lawsuit being conclusively established against him. Although the Defendant argues that the Plaintiff was repeatedly reminded of his obligation to respond to this discovery, there is no evidence in the record that the Plaintiff was ever warned, either by the Defendant or this Court, of the consequences of failing to respond. Further, the Defendant never moved to compel the Plaintiff's response or to have these matters deemed admitted prior to filing this summary judgment motion. While the Court does not condone the Plaintiff's failure to comply with the Rules of Civil Procedure, the Court is also reluctant to use Rule 36 "as a snare for this unwary *pro se* [litigant]." Turk, 139 F.R.D. at 618. Accordingly, the Court will not deem admitted these unanswered requests for admission for the purposes of the Defendant's motion.

## III. Facts

The undisputed facts presented by the Defendant are as follows. The Defendant is engaged in the business of delivering integrated computer systems and processing ATM and debit card transactions for financial institutions across the United States. [Declaration of Joyce A. McGee ("McGee Decl.") at ¶ 3]. The Defendant's Charlotte Data Center is the main data and item processing center for the Defendant's Southeastern operations. [Id. at ¶¶ 4, 6].

The Plaintiff, an African-American male, began working as a Computer Operator on February 23, 1998 in the Defendant's Charlotte Data Center. [Id. at ¶ 5]. On February 17, 2006, the Plaintiff was involved in a physical altercation with a white co-worker named Michael Surma. [Id. at ¶¶ 10-18, Exs. A, B, and C; Declaration of Joseph W. Warren ("Warren Decl.") at ¶ 3, Ex. A; Declaration of Hicham M. Bakkour ("Bakkour Decl.") at ¶¶ 3, 4]. The Plaintiff physically struck Michael Surma during the altercation. [McGee Decl. at ¶¶ 15, Exs. A, B, and C; Warren Decl., Ex. A; Bakkour Decl. at ¶¶ 3, 4]. The Plaintiff also physically struck another co-worker, Hicham Bakkour, while Bakkour was attempting to separate Surma and the Plaintiff during the altercation. [Bakkour Decl. at ¶ 4].

7

The Defendant's employee handbook states that violent behavior in the workplace will not be tolerated and may lead to immediate dismissal from employment. [McGee Decl. ¶¶ 19-20; Employment Handbook, Ex. 6, Tab B at 41].

On February 27, 2006, the Defendant terminated the employment of both the Plaintiff and Michael Surma.  [McGee Decl. at ¶ 22, Exs. F, G].

**IV.     Analysis**

A plaintiff may establish an employment discrimination claim in one of two ways.  First, a plaintiff may present "direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005), cert. denied, 546 U.S. 1091 (2006).  Alternatively, the plaintiff may present evidence giving rise to an inference of unlawful discrimination under the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v.  Green, 411 U.S. 792 (1973).  Id.

In the present case, the Plaintiff has not presented any direct or circumstantial evidence that race was a motivating factor in his termination. Accordingly, the Court will analyze the Plaintiff's claim under the McDonnell Douglas burden-shifting framework. To establish a *prima facie* case of discrimination, the Plaintiff has the initial burden of showing that: "(1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).[1]

Once the Plaintiff has made out a prima facie case, the burden of production shifts to the Defendant to articulate a "legitimate, non-discriminatory reason for the adverse employment action." Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277, 285 (4th Cir. 2004). If the Defendant satisfies this burden, the Plaintiff must then "prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Id.

---

[1] The elements of a *prima facie* case of discrimination are the same under Title VII and § 1981. Gairola v. Commonwealth of Va. Dep't of Gen. Services, 753 F.2d 1281, 1285 (4th Cir. 1985).

9

(quoting Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000)).

Upon careful review of the evidence, the Court concludes that the Plaintiff cannot establish a *prima facie* case of discrimination. The Plaintiff has failed to come forth with any evidence that "other employees who are not members of the protected class were retained under apparently similar circumstances." Honor, 383 F.3d at 188. The only other similarly situated employee identified by the Plaintiff is the "white coworker" who also engaged in the altercation. [Complaint at 2]. The Declarations submitted by the Defendant in support of its motion for summary judgment identify this white co-worker as Michael Surma. While the Plaintiff alleges in his Complaint that this white co-worker was not discharged [id.], the Defendant has come forward with affirmative proof that this white co-worker was indeed terminated for his role in the altercation. The Plaintiff's allegation to the contrary in his Complaint is not sufficient to create a question of fact on this issue. See Fed. R. Civ. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial").

The undisputed evidence before the Court shows that both Plaintiff and Surma were terminated on the same day for their roles in the altercation; as such, Plaintiff has failed to show that this non-protected employee was treated more favorably under similar circumstances.  Accordingly, the Plaintiff cannot establish the fourth element of his *prima facie* case, and his under Title VII and § 1981 must be dismissed.  See Williams v. Aluminum Co. of America, 457 F. Supp. 2d 596, 613 (M.D.N.C. 2006) (dismissing claim of discriminatory discipline because plaintiff failed to produce evidence that a white employee who committed comparable violation of workplace rules received less severe disciplinary treatment), aff'd, 234 Fed Appx. 73 (4th Cir. 2007).

Because the Court has determined that the Plaintiff's claims under Title VII and Section 1981 must be dismissed, the Plaintiff's state law claims for wrongful discharge in violation of North Carolina public policy must be dismissed as well.  See Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 282 (4th Cir. 2000) ("We note further that the district court properly dismissed [the plaintiff's] state employment practices claims along with her § 1981 claims

because the evidentiary standard for the state and federal claims are the same.").

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, and judgment shall issue simultaneously herewith.

Signed: November 30, 2007

Martin Reidinger
United States District Judge